**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALEX KENNETH TORRES,

    Petitioner,

-vs-                                          Case No. 8:03-CV-2191-T-30MAP

JAMES McDONOUGH,

    Respondent.
_____/

## ORDER

This matter comes before the Court for consideration of Petitioner's Request for Issuance of Certificate of Appealability ("COA") Pursuant to Fed. R. App. P. 22[1] and 28 U.S.C. § §2253[2] (Dkt. 32 (footnotes added)) and Motion for Leave to Proceed [on Appeal] *In Forma Pauperis* (Dkt. 30).[3] The Court construes the request for issuance of a COA as a notice of appeal (Dkt. 31) of the February 8, 2007 decision denying his petition for relief under 28 U.S.C. § §2254. This is Petitioner's second request for issuance of a COA.[4]

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a State court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

[3] Although these documents are captioned for filing in the Thirteenth Judicial Circuit Court of the State of Florida, Petitioner references the case number for his federal habeas proceedings in this Court.

[4] Petitioner's filed a notice of appeal of the order denying his petition on February 19, 2007 (Dkt. 21). He delayed filing a request to proceed on appeal *in forma pauperis* until March 23, 2007 (Dkt. 27). Petitioner's appeal had, however, already been dismissed for failure to prosecute on March 19, 2007, *see* Dkt. 26.

Petitioner's previous request for issuance of a COA was denied because he failed to satisfy the standard for issuance of a COA enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Having considered the arguments presented in the instant COA request, the Court finds that Petitioner has failed to demonstrate that reasonable jurists would find its assessment of the claims raised in his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Request for Issuance of Certificate of Appealability ("COA") Pursuant to Fed. R. App. P. 22 and 28 U.S.C. § §2253 (Dkt. 32) is **DENIED**.

2. The request for leave to proceed on appeal *in forma pauperis* (Dkt. 30) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 9, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record
SA:jsh